## THE NATIONAL BANK OF ST. JOSEPH v. SIMON C. PETERS *et al.*

ATTACHMENT—*Property of Nonresident—Enforcement—Res Judicata.*
In proceedings to enforce a debt by attachment upon the property of a nonresident defendant, after seizure of the property and due service upon such nonresident by publication, as prescribed by the statute, the action proceeds as one *in rem.* The judgment and proceedings in such a case are conclusive upon all who are parties to the action and their privies, so far as the attached property is concerned, which is seized and sold.

*Error from Jewell District Court.*

ON August 31, 1888, Simon C. Peters commenced two actions against John H. Schaeffer in the district court of Jewell county to recover, in one action $1,675 and interest, and in the other action $1,650 and interest, upon two promissory notes executed by Schaeffer on July 19, 1887. On the same day orders of attachment were issued in the actions, and these orders were executed on August 31, about 6 P. M., by levying upon certain lots and real estate in Jewell City of the value of $5,500, and upon personal property, consisting of money, promissory notes, etc., valued at $11,279.27. On the 16th of November, 1888, Peters obtained judgment in the first action against Schaeffer for $1,895.63. The attached property was ordered sold, and the proceeds thereof were directed to be brought into court to abide the further order of the court. The sheriff of Jewell county was appointed receiver to collect the accounts, promissory notes, overdrafts, etc. On November 13, 1889, Peters obtained judgment in his second action against Shaeffer for $2,032.70, and a like order was made as to the attached property as in the former action. On September 1, 1888, Peters commenced another action against Shaeffer in the district court of Jewell county. An order of attachment was ordered in that action. Judgment was rendered on the 16th of November, 1888, for $700.67, and a like order was made in the other actions as to the sale of the attached property and the proceeds thereof.

On September 1, 1888, Hirsch & Hill commenced an action in the court against Schaeffer, and an order of attachment was issued at the time of the commencement thereof and placed in the hands of the sheriff and by him served forthwith. Afterward other actions were commenced, and orders of attachment issued and levied upon the same property. On the 3d day of September, 1888, the National Bank of St. Joseph brought its action in the district court of Jewell county against J. H. Schaeffer and Simon C. Peters, partners as J. H. Schaeffer & Co., to recover $19,000 and interest, and sued out

a writ of attachment (which was levied on the property attached in the actions of Peters against Schaeffer) upon the property of J. H. Schaeffer and Simon C. Peters, and the debtors of J. H. Schaeffer & Co. were garnished. In the action brought by the bank, personal service was made on Schaeffer by leaving a summons at his residence, and service on Simon C. Peters was made by publication. In the petition, it was alleged that J. H. Schaeffer and Simon C. Peters were partners, and as such liable for the indebtedness of $19,-000 and interest due the bank. Each of the defendants, Schaeffer and Peters, made default. On the 17th of November, 1888, judgment was rendered in favor of the bank for $15,086.65, and on the 11th of March, 1889, another judgment was rendered in the action for $4,112. Orders were made concerning the sale of the attached property as in the other cases, and the garnishees served were ordered to appear and answer. Those that admitted indebtedness were required to pay to the sheriff, as receiver, the amounts thereof. The proceeds of the sales on the orders of attachment and the other funds collected by the sheriff, as receiver, were required to be held to await the further orders of the court.

On November 20, 1888, the bank filed its motion for the adjustment and determination of the liens of the various attaching creditors, and asking that its judgments should be declared first and prior liens. To this proceeding all of the attaching creditors were made parties. This motion was heard on November 27, 1889. On the hearing, the court permitted *ex parte* affidavits to be read by Simon C. Peters, tending to show that he was not in fact a partner of J. H. Schaeffer and had no interest in the property attached, except as an attaching creditor. These affidavits were received, subject to the objections and exceptions of the bank. The court made findings to the effect that, notwithstanding the judgments of the bank against J. H. Schaeffer and Simon C. Peters, Peters was not a partner of J. H. Schaeffer, and not liable for the debts of J. H. Schaeffer & Co., and that he had no interest in the property attached other than as an

attaching creditor, and that his attachment liens were prior to that of the bank. The latter excepted, and brings the case here for review.

*Waggener, Martin & Orr,* for plaintiff in error:

The judgment of the court in the case of *National Bank v. J. H. Schaeffer and Simon C. Peters* was conclusive, and could not be impeached collaterally.

Our contention is, that it was absolutely conclusive, and that the court below erred in permitting it to be impeached collaterally and by *ex parte* affidavits. *Rowe v. Palmer,* 29 Kas. 340; *Paine v. Spratley,* 5 id. 525; *Pritchard v. Madren,* 31 id. 51; *Burke v. Wheat,* 22 id. 722; *Pritchard v. Madren,* 24 id. 487–492.

The court below had jurisdiction of the subject-matter of the action, and, for the purpose of subjecting the property attached to the payment of the judgment, had jurisdiction of Simon C. Peters. In that proceeding, it was adjudged and decreed that Simon C. Peters was a partner of J. H. Schaeffer; that they were each indebted to the plaintiff as alleged in the petition; and that the property attached was subject to the attachment as the property of Schaeffer and Peters. It may be conceded that the judgment against Peters was not a personal judgment, which could be enforced against the property of Peters which had not been attached. Peters is as much concluded by the judgment and decree as if he had been personally served and had personally appeared. In the settlement of the priority of liens, the court below practically treated the judgment as a nullity so far as Peters was concerned. Herman, Estop., p. 371; *Voorhees v. Bank,* 10 Pet. 49; *Cooper v. Reynolds,* 10 Wall. 309; *Venable v. Dutch,* 37 Kas. 515; *Williams v. Moorehead,* 33 id. 617, 618; *Hentig v. Redden,* 46 id. 231; *Whitney v. Walsh,* 1 Cush. 29; *Rudolf v. McDonald,* 6 Neb. 166; Civil Code, § 206.

The garnishee notices caused to be issued by the plaintiff should have been held to be prior to the attachment writs.

. *C. Angevine,* for defendants in error:

The property attached consisted of real · estate, personal property, promissory notes, and a few book accounts, the personal property, notes and books containing the book accounts being taken into the possession of the sheriff. This was a valid levy upon the notes, and created a valid lien thereon, and they could be sold as any other personal property, or collected by the sheriff, acting as receiver. *Beamer v. Winter,* 41 Kas. 596; *Irby v. Blain,* 31 id. 716.

It has been decided repeatedly that a mortgagee of property, real or personal, has no interest therein subject to levy by attachment or execution. *Columbia Bank v. Jacobs,* 10 Mich. 349; *McLaughlin v. Shepherd,* 32 Me. 143; *Brown v. Bates,* 55 id. 520; *Marsh v. Austin,* 1 Allen, 235; *Prout v. Root,* 116 Mass. 410; *Morris v. Mowatt,* 2 Paige Ch. 586; *Packer v. Rochester &c. Rld. Co.,* 17 N. Y. 283–296.

.In the case of *National Bank v. Schaeffer and Peters,* the court did not have jurisdiction of the person of Peters, and therefore could not render any judgment that would bind him personally. It had no jurisdiction of the *res,* that is, the interest in the property that Peters obtained by virtue of his attachment, because that interest was not and could not be attached. The proceedings had in the case of *National Bank v. Peters* are not conclusive of any issue raised in this case. By the decision therein, "nothing is *res judicata.*" *Powell v. Geisendorff,* 23 Kas. 538–542; *Benz v. Hines,* 3 id. 390–397; *Waite v. Teeters,* 36 id. 604, 605.

Before the judgment in the case of *National Bank v. Schaeffer and Peters* can be held to estop Peters from claiming the proceeds of the attached property, it must appear that the question decided in that case and the question decided on the motion to settle priorities are identical. *Russell v. Place,* 94 U. S. 606; *Davis v. Brown,* 94 id. 423; *Cromwell v. Sac County,* 94 id. 351. "Only such matters as were directly in issue and determined in the former action are *res judicata*

and conclusive upon the parties in the subsequent litigation."
*Waite v. Teeters*, 36 Kas. 604, 605.

As to any title that Peters had in the property at the time
of the bank's attachment, and the disposal of that title, the
judgment in the bank case may be conclusive. But he had
no title therein. He simply had an attachment lien on the
property. That was not and could not be levied on. Peters
could not sell the property by virtue of his lien except as the
law directs. If he could not so sell it, the bank could not
levy on and sell it for him. By virtue of his levy, Peters
obtained a valid lien upon the property. It was then in the
custody of the law. No other levy could be made thereon
except in the hands of the sheriff, and subject to the prior
levy. Code, §§ 196, 203, 204; *Stationery Co. v. Case*, 26 Kas.
299.

It is submitted that the only question that was decided by
the decision in the case of *National Bank v. Schaeffer and
Peters* was, that if Peters had any title to the property at-
tached, he or those claiming under him after the attachment
could not be heard to say that such title did not pass by the
attachment and sale. This is as far as the decisions go.

The opinion of the court was delivered by

HORTON, C. J.: The judgment rendered in favor of the
National Bank of St. Joseph against J. H. Schaeffer and
Simon C. Peters, as partners, under the style and firm of
J. H. Schaeffer & Co., and the attachment proceedings in
such action, were in all respects regular, so far as proceedings
*in rem* were concerned; and the judgment in the case was and
is obligatory upon the debtors, J. H. Schaeffer and Simon C.
Peters, as J. H. Schaeffer & Co., and their privies. Where
there is a seizure and detention of property, or a garnishment
under an attachment proceeding, the court has jurisdiction
therein with limited notice and effect. Notice being limited
to the debtor, the attached property being proceeded against
only as his, and the judgment being against it only as such,
the debtor and his privies are concluded. All who are par-

ties to the action are bound, but only the rights of property of the debtor and his privies in the attached property which is condemned and sold are affected by the proceedings. (Waples, Attach. 14.)

· In the case of the bank against J. H. Schaeffer & Co., upon the service stated in the record, the court acquired jurisdiction over the property seized. Thereafter, it had jurisdiction to hear and decide whether J. H. Schaeffer and Simon C. Peters owed the bank the amount claimed, or any part thereof. It also had jurisdiction to sell the attached property for any sum found due. The interest in the property that Peters obtained by virtue of his alleged prior attachment was not and could not be attached, and was not and could not be condemned, but all the proceedings in the case of the bank against Schaeffer and Peters were upon the theory that Schaeffer and Peters were indebted to the plaintiff as alleged, and the property attached was subject to seizure and sale as the property of Schaeffer and Peters. No personal judgment could be rendered against Peters, because there was no personal service obtained upon him, and no appearance, but Peters was and is as much concluded by the attachment proceedings and judgment, as to the property attached and sold, as if he had been personally served or personally appeared. So long as the attachment proceedings and judgment in the case of the bank against Schaeffer and Peters were not reversed, vacated, or appealed from, Peters could not, in a collateral proceeding, question or impeach, by *ex parte* affidavits or otherwise, the status or sale of the property seized. (*Paine v. Spratley*, 5 Kas. 525; *Rowe v. Palmer*, 29 id. 340; *Pritchard v. Madren*, 31 id. 51.) Herman on Estoppel and Res Judicata, p. 371, says:

"When the court has jurisdiction, its proceedings are *in rem* after publication, which constructively notified the defendant of the proceedings against the property. The court adjudicates upon the property, the thing itself, and orders it sold, or delivered to the plaintiff in payment of his debt. The judgment changes the status of the property or debt. It de-

prives the attaching defendant of all title to it, and is binding and conclusive upon all the parties to the proceedings." (*Voorhees v. Bank*, 10 Pet. [U. S.], 449; *Cooper v. Reynolds*, 10 Wall. 309; *Rudolf v. McDonald*, 6 Neb. 166.)

As the trial court had jurisdiction of the subject-matter in the bank against Schaeffer and Peters, and jurisdiction to seize and sell the property attached, such property, after being seized and sold as the property of Schaeffer and Peters, cannot be subject to further controversy by either of the parties, excepting upon an application for a vacation of the judgment, or other direct proceedings to set aside or reverse the same. If it were competent for Peters, in the proceedings to determine the priorty of the attachment liens, to show by *ex parte* affidavits that he had no interest in the property attached by the bank which was seized and sold as his property, then Schaeffer had also the right to make proof in the same way, and show that he had no interest in the property seized and sold. The result would be, that upon *ex parte* affidavits in collateral proceedings, after seizure, judgment, and sale, such judgment and all proceedings thereunder might be set aside and vacated. If such were the law, attachment proceedings against nonresidents might be wholly abortive.

The judgments of the bank against Schaeffer and Peters were rendered on the 17th of November, 1888, and the 11th of March, 1889. A motion to settle the priority of liens was heard on November 27, 1889. At that time Peters personally appeared. If he had desired to open up the judgments under which his property had been seized and sold, he had notice in time to have done so under the provisions of § 77 of the civil code. Therefore, if any injustice were done Peters by the attachment proceedings or judgment in the case brought by the bank, he had an ample remedy under the provisions of the statute. He did not pursue this remedy. We think the trial court erred in admitting as evidence the *ex parte* affidavits. Our conclusion therefore is, under the facts disclosed, that Peters has no claim whatever, by attachment, prior proceedings, or otherwise, to the property seized and sold as his

property in the action of the bank against him. This rule
is also applicable to the garnishment proceedings instituted by
the bank. Of course, other attaching creditors of J. H.
Schaeffer or J. H. Schaeffer & Co. are not concluded by the
judgments in favor of the bank, because their property has
not been seized and sold, and they were not parties in the at-
tachment proceedings brought by the bank. The court erred
in allowing Peters any liens or claims upon the property seized
and sold as prior or superior to those of the bank.

There is some discussion in the briefs about the possession
of certain books of account by the sheriff. Such indebted-
ness can only be reached by garnishment proceedings, but it
appears from the record that the trial court so ruled. The
orders of the district court fixing the priority of liens are
hereby reversed, and further proceedings are directed in ac-
cordance with the views herein expressed.

All the Justices concurring.