ELLA M. WARD, *Appellee,* v. ELMER E. BENNER et al. (ESTELLA M. BREON, as Executrix, etc., *Appellant*).

No. 18,090.

SYLLABUS BY THE COURT.

1. DEVISEE—*Interest in Real Estate—Subject to Attachment.* The interest of a devisee in real estate is subject to attachment although the will directs the executor to sell the property and distribute the proceeds among the devisees.

2. JUDGMENT—*Order Allowing Executor to Sell Attached Property Approved.* A clause of a final judgment in an action wherein the interest of a devisee in real estate had been attached, allowing the executor to sell the attached property as directed by the will and providing for the application of the defendant's share of the proceeds upon the judgment against him, is approved.

24—89 KAN.

3. ATTACHMENT — *Publication Service — Jurisdiction over Attached Property Only.* Where the interest of a defendant as devisee in real estate is attached and service is made upon him by publication only, the court does not thereby obtain jurisdiction to apply upon the judgment rendered against him his share in the proceeds of personal property in the hands of the executor upon which the attachment was not levied.

4. INJUNCTION—*Confers no Jurisdiction to Dispose of Property.* The issuance of a temporary injunction to restrain the disposition of a defendant's interest in personal property, does not give the court authority to apply such property or its proceeds to the payment of the plaintiff's claim.

Appeal from Doniphan district court. Opinion filed April 12, 1913. Modified.

*Arthur C. Bell,* of Troy, for the appellant.

*C. S. Hull,* of Atchison, and *C. W. Reeder,* of Troy, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action upon a judgment of an Indiana court.

Defendant Elmer E. Benner and the plaintiff were husband and wife, residing in Vigo county, Indiana, when a judgment was regularly rendered in the superior court of that county in favor of the wife for divorce and for monthly payments to her for the support of their minor children.

At the time this action was commenced the payments due upon the judgment referred to amounted to $1286. An order of attachment was issued, and Benner's interest in real estate in Doniphan county was attached and a temporary injunction was issued restraining defendant Estella M. Breon, as executrix, from distributing or paying over to defendant Benner any money or property in her hands. Service by publication was made upon Benner, who did not appear.

The petition set out the Indiana judgment and the

amount due thereon and alleged that Mary A. Benner, deceased, the mother of Elmer E. Benner, died leaving a will, a copy of which was attached, by which she devised one-fourth of the real estate above referred to and one-fourth of her personal property to her son Elmer, after deducting a specified sum to be paid to his minor children, directing the sale of the real estate and division of the proceeds among the devisees. The petition also alleged the insolvency of Benner and the probable loss of the claim if the relief should not be granted.

The answer of the executrix admitted the death, the will and probate thereof, and disposition of property thereby as alleged. It also contained a general denial and an allegation that partial distribution had already been made to Elmer E. Benner under an order of the probate court. It challenged the jurisdiction of the district court to interfere with the settlement and distribution of the estate.

Judgment was rendered on the pleadings:

"That the plaintiff recover of the defendant Elmer E. Benner judgment *in rem* for the sum of $1286, with interest thereon of 6 per cent from the 20th day of June, 1910, extending only to the property, real and personal, now or hereafter in the hands of said executrix or the proceeds of said property to the extent of said judgment and interest and costs that would otherwise go or belong to said defendant Elmer E. Benner."

It was further adjudged that the attachment should be dissolved so far that the executrix should be allowed to carry out the terms of the will and make conveyance of the property as though the attachment had not been levied; and that the executrix should be enjoined from turning over to Elmer E. Benner any property, real or personal, or proceeds of the estate until the judgment is satisfied. It was further ordered that upon final settlement of the estate the executrix should turn over to the clerk of the district court the share of Elmer E.

Benner in the proceeds of the estate as found by the probate court, in amount sufficient to satisfy the judgment. From this judgment the executrix alone appeals.

The assignments of error are based upon the alleged want of jurisdiction in the district court to issue the order of attachment and injunction, and to enter judgment on the petition.

The principal defendant was a nonresident of this state, and owned an interest in lands situated in the county. This interest was subject to attachment. (Civ. Code, §§ 53, 78, 190; Gen. Stat. 1909, § 9037, subdiv. 8; *Bullene v. Hiatt,* 12 Kan. 98.)

It is argued that the title to the real estate was in the executrix in trust to execute the power of sale. This, however, is not the fact. The property was not devised to the executrix in trust, but was devised to Elmer E. Benner and others, and only a power of sale was given to the executrix. In such a situation it was held that the interest of a devisee was subject to the lien of a judgment against him. (*Bank v. Murray,* 86 Kan. 766, 121 Pac. 1117.) Applying the reasoning of the opinion in that case, it must be held that the interest of Benner in the real estate is bound by the attachment, subject to the orders made to preserve control of the proceedings by the probate court until distribution should be ordered.

The provisions in the judgment allowing the sale of the attached property by the executor as provided in the will and the determination of defendant Benner's interest therein by the probate court preserved the jurisdiction of that court, while the application of his share or interest in such real estate, when so determined, to the plaintiff's claim was a proper exercise of the jurisdiction of the district court in the situation presented. (*People ex rel. Cauffman v. Van Buren et al.,* 136 N. Y. 252, 32 N. E. 775, 20 L. R. A. 446, and note.)

By the attachment and constructive service the court obtained jurisdiction to appropriate the attached property to the payment of the debt. (*National Bank v. Peters,* 51 Kan. 62, 32 Pac. 637; *Parmenter v. Lomax,* 68 Kan. 61, 74 Pac. 634.) The judgment, however, while reciting that it is *in rem,* purports to adjudicate and appropriate to the payment of the plaintiff's claim not only the defendant's interest in the property attached, but also his share in the personal property of the deceased in the hands of the executrix. No authority for this can spring from the attachment of the real estate, and the only suggestion of its source is the injunction. It is true that an injunction may be allowed to prevent the removal or disposition of property with intent to render a judgment ineffectual. (Civ. Code, § 250.) The injunction in this case was issued for that purpose and was effectual as to the attached property, but it afforded no authority for the application of the personal property not attached or its proceeds upon the plaintiff's claim. The issuance of an injunction is not a ground for constructive service. Jurisdiction to apply property upon a creditor's claim is not obtained by merely issuing an injunction restraining the disposition of the property.

The judgment appealed from is erroneous in so far as it directs the application of money or property not attached to the payment of plaintiff's claim.

The provisions in the judgment for the application of the proceeds of the personal property not attached must be set aside.

The cause is remanded with directions to modify the judgment in accordance with these views.