J. A. SMITH, *Appellant*, v. IDA C. HENSEN et al., *Appellees.*

No. 18,218.

#### SYLLABUS BY THE COURT.

1. EQUITABLE CONVERSION—*Lien of Judgment on Land Directed by Will to be Sold.* Where a testator does not in terms devise his real estate to any one, but directs that his executor sell it and divide the proceeds among his children, no equitable conversion into personalty results, but each child upon the death of the testator becomes the owner of a portion of the real estate, to which the lien of a judgment against such child will attach.

2. ——— *Judgment Creditor—Choice of Remedies—Execution or Proceedings in Equity.* Although a judgment creditor may have a right to sell upon execution the real estate belonging to his debtor, yet where the record title is in some one else a proceeding in equity may be maintained in advance to determine the true ownership.

Appeal from Greenwood district court. Opinion filed June 7, 1913. Reversed.

*Howard J. Hodgson,* of Eureka, for the appellant.
*R. P. Kelley,* of Eureka, for the appellees.

Smith v. Hensen.

### STATEMENT.

The exact language of the will referred to in the opinion is as follows:

"I, A. P. Harmon, of Neal, Greenwood county, Kansas, being of sound mind and memory do make this my last will and testament.

"First, I direct my executor to pay my funeral expenses and all my just debts.

"Second, I will and bequeath to my grandson, Benjamin I. Hensen, the sum of five hundred dollars, the same being money that he advanced to me and my late wife.

"Third, That all the remainder and balance of my estate both real and personal be sold by my executor in such a manner as he may deem best and the proceeds thereof after paying all costs and accrued expenses be divided equally between my sons and daughters, share and share alike but in case either or any of my sons or daughters be dead then their child or children shall have that share.

"Fourth, I will and appoint as my executor W. E. Robb, of Neal, Kansas."

The opinion of the court was delivered by

MASON, J.: A. P. Harmon died November 15, 1909, owning certain real estate. His will, which was duly probated, directed that all his property should be sold by the executor in such manner as he should deem best, and that the proceeds should be divided equally between the testator's sons and daughters. On March 12, 1910, there was filed in the district court an abstract of a judgment against Matilda Kester, one of the testator's daughters, in favor of J. A. Smith, which had previously been rendered by a justice of the peace. Thereafter Matilda Kester and her husband executed a warranty deed to Ida C. Hensen, purporting to convey one-eleventh of the real estate referred to, that being the share of the estate to which she would have been entitled if her father had died intestate. Smith brought an action against the Kesters, Mrs. Hensen and her

husband, and the executor, alleging these facts and asking that his judgment be decreed to be a lien upon one-eleventh of the real estate. An objection to the introduction of any evidence was sustained, upon the ground that the petition failed to state a cause of action, and the plaintiff appeals.

In *Bank v. Murray*, 86 Kan. 766, 121 Pac. 1117, 39 L. R. A., n. s., 817 (followed in *Ward v. Benner*, ante, p. 369, 131 Pac. 609), it was held that where a will in terms devises real estate to several persons, with a provision that the executor shall sell it and divide the proceeds among them, no equitable conversion into personalty results, but each devisee acquires an interest in the property, which is subject to the lien of a judgment against him. Here the situation is substantially the same. The only difference is that this will does not in so many words undertake to devise the property to the testator's children. It does not, however, purport to vest any title in the executor. He is given a naked power of sale, and from this no estate results. (22 A. & E. Encycl. of L. 1095, 1096.) The testator must be presumed to have known that in the absence of some provision of his will to the contrary the title to the land would pass to his heirs; he expressed acquiescence in that disposition by indicating no other. The situation is substantially the same as though he had expressly devised the land to his heirs, with a power of sale in the executor, and therefore the decision cited is controlling. The title to the real estate passed by operation of law to the decedent's heirs, of whom Mrs. Kester was one; and upon the filing in the district court of the abstract of the judgment against her it became a lien upon her interest in the property. (*Eneberg v. Carter*, 98 Mo. 647, 12 S. W. 522, 14 Am. St. Rep. 664.) In *Beaver v. Ross*, 140 Iowa, 154, 118 N. W. 287 (the case to which is attached the note in 20 L. R. A., n. s., 65, cited in the Bank-Murray case, and which is also annotated in 17 A. & E. Ann. Cas. 643), it was held

Smith v. Hensen.

that under the circumstances there presented the judgment lien attaches to the title acquired by descent, but not to the right, conferred by the will, to share in the proceeds of the sale—that the creditor can reach the use and profits of the land up to the time of sale, but nothing more. That theory is there consistently worked out, but we regard it as based upon the formal aspect of the rights of the parties, rather than upon their substance. Upon the grounds stated in the Bank-Murray case, where the conflict of authority is recognized, we hold that no equitable conversion resulted.

The defendants maintain that the petition does not set out all the facts recited in the foregoing statement. Some of them are not expressly stated, but they are fairly to be inferred, the pleading being entitled to a very liberal construction in view of the method by which its sufficiency was challenged.

It is further urged that if the contention of the plaintiff is correct he could have sold the property upon execution and therefore had no occasion to resort to equity. A sale upon execution could doubtless have been had, but the condition of the record would have proved an embarrassment, and it was proper to have the title determined in advance. (*Taylor v. Stone & Lime Co.*, 38 Kan. 547, 16 Pac. 751; 12 Cyc. 19; Note, 23 L. R. A., n. s., 54.)

The judgment is reversed and the cause remanded for further proceedings.