No. 19,938.

THE MANHATTAN STATE BANK, *Appellant*, V. F. H. HAID and ELIZABETH HAID, *Appellees*.

### SYLLABUS BY THE COURT.

1. WILL—*Interpretation—Power Vested in Executors—Equitable Conversion of Real Estate into Personalty.* The provisions of a will interpreted, and held that it did not confer on the executors naked power to sell real estate and distribute the proceeds to heirs who took title by descent, but that on the death of the testatrix an equitable conversion of the real estate into personalty took place and title passed to the executors to enable them to carry out certain trusts created by the will.

2. SAME—*Partition Agreement—Executor's Deed to Wife of Executor Valid—Creditor's Bill.* In order to carry out a partition agreement among heirs the executors of the will referred to executed to the wife of one of them an executor's deed purporting to convey a tract of land apportioned to the grantee's husband by the partition agreement. It was believed a deed from the two executors would not be valid if one of them were named as grantee. The husband delivered the deed to his wife with the firm belief that it placed title to the land in her. The deed was duly recorded, and neither the husband nor wife was then indebted to any one. Some years later the husband became financially involved and one of his creditors now seeks to appropriate the land to the payment of a debt. *Held,* the husband is estopped to deny that the executor's deed had the effect which it was designed to produce, and is estopped to claim the land under any title which he possessed at the time the deed was delivered, and that the creditor's right to the land is no better than that of the debtor.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed February 12, 1916. Affirmed.

*W. B. Brownell,* of Lawrence, and *C. B. Daughters,* of Manhattan, for the appellant.

*J. K. Codding, C. H. Codding,* both of Leavenworth, *A. C. Wilson,* and *Thomas Harley,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a creditor to determine the true ownership of land which it was claimed belonged to the debtor, in order that the land might be sold to advantage to satisfy the creditor's claim. The defendant, the debtor's wife, who asserted title, prevailed, and the plaintiff appeals.

The district court made findings of fact, the correctness of which is not disputed. The findings state that Barbara Haid, the owner of the land, died testate. The will was duly probated, and F. H. Haid and Edward Haid, sons of the testatrix named as executors in the will, duly qualified as such. The will provided that the real and personal property belonging to the testatrix at the time of her death should be sold and converted into money. Certain obligations were to be satisfied and certain sums were to be invested and the income paid to grandchildren until they became of age. Subject to these provisions, the proceeds derived from the sale of the property were to be divided among the five children of the testatrix in certain proportions. One child, however, was to receive the income only of her share, for her life, when her share was to become the property of her children. The executors were made trustees to invest funds to the best advantage and otherwise carry out the trusts created. The children of the testatrix, being adults, agreed upon a division of the property, some taking land and some taking money. The agreement was not in writing but was fully performed. By the agreement the land in controversy was apportioned to F. H. Haid. In order to carry out the agreement an executors' deed was made. It was supposed that an executors' deed naming one of the executors as grantee would not be valid. F. H. Haid's wife, Elizabeth Haid, was made the grantee in the deed, which was approved

by the probate court.  F. H. Haid delivered the deed to his wife, and did so with the firm belief that it placed title to the land in her.  The land was occupied at the time by F. H. and Elizabeth Haid as their homestead, and neither one of them was then indebted to anybody.  The deed was dated June 26, 1905, was recorded on June 29, 1905, and title to the land has ever since remained where it then was.  In the year 1910 F. H. Haid became indebted to the plaintiff, and if the land belongs to him it is subject to sale under an attachment levied in October, 1912.

The plaintiff contends that the will gave the executors no title to any part of the estate of the testatrix, that they were given naked power to sell and distribute the proceeds to the heirs, who were also devisees, that F. H. Haid took title by descent from his mother and became owner in severalty by the partition agreement, that the executors' deed had no office to perform so far as a transfer of title was concerned, that it conveyed nothing to Elizabeth Haid, and consequently that the land is the property of F. H. Haid.

There is abundant authority that an equitable conversion of the real estate took place to enable the executors to carry out the trusts created by the will.  Express words giving title to executors are not essential to equitable conversion when such is the necessary effect and intention of the will.  It was impossible to carry out this will unless the entire estate passed as personalty.  The persons who were to receive shares of the estate under the will were not those who would inherit if there were no will.  There were five heirs, but one of them was deprived of her share of the estate by the will and was given merely an income for life.  The will spoke from the date of the death of the testatrix, the conversion took place at that time, rights were fixed at that time, and the real estate did not descend as such to Barbara Haid's heirs.  It was permissible for the beneficiaries of the will to agree upon a division of the estate satisfactory to themselves and to agree to accept property in kind to avoid a sale.  The parol partition, however, had no effect on the devolution of title at the time of the death of the testatrix.  After the partition F. H. Haid held the title to no more land by descent from his mother than before the partition.  The entire estate was in contemplation

of the law personalty, the legal title to which was vested in the executors to accomplish the purposes of the will.

The plaintiff says it has been decided by this court that where executors are merely authorized to sell and divide the proceeds among heirs there is no conversion, citing, *Bank v. Murray,* 86 Kan. 766, 121 Pac. 1117; *Ward v. Benner,* 89 Kan. 369, 131 Pac. 609; *Smith v. Hensen,* 89 Kan. 792, 132 Pac. 997, and *McLeod v. Palmer,* 96 Kan. 159, 150 Pac. 535. The effect of these decisions is correctly stated. They do not govern the present controversy, however, because the will of Barbara Haid did not invest her executors with naked authority to sell and to divide proceeds among her heirs.

Conversion of the land into personalty is not insisted upon as forbidding its seizure by attachment in 1912 if it then belonged to F. H. Haid. Conversion is important, however, in considering the title of Elizabeth Haid. When the parol partition was made F. H. Haid did not hold by descent from his mother and did not have a legal title of any kind, but the legal title was vested in the executors as if the land were personalty. In order to carry out the partition agreement an executors' deed was deemed essential. It was believed that a deed from two executors would not be valid if one of them were the grantee. The deed was made to Elizabeth Haid, was delivered to her by F. H. Haid and was delivered with the firm belief that it placed title in her. The plaintiff says the court did not find that F. H. Haid "intended" to place title in his wife. The court did find the facts concerning the conduct and the belief of adult, rational persons, and these are reliable indexes of intention. It would be quite remarkable if F. H. Haid did not intend to do what he firmly believed he was doing. Whether the deed be considered as a conveyance of land or as an assignment by the executors of F. H. Haid's share of the estate considered as personalty, he executed and delivered the deed to Elizabeth Haid in order to invest her with title to the share of the estate alloted to him by the partition agreement. Whether the instrument were valid or invalid as a conveyance or as an assignment, whether it carried any title to Elizabeth Haid or not, F. H. Haid is estopped to deny that the deed had the effect which it was designed to produce, and is estopped to claim under a title which he possessed at the time the deed

Bank v. Haid.

was delivered. This would be true even if equitable conversion had not taken place. Of course the plaintiff can appropriate the land only in virtue of F. H. Haid's right to it. Cases relating to estoppel of one who executes a deed as executor or administrator to set up an existing title in himself are collated in a case note in 21 L. R. A., n. s., at page 60. A later case reported in the same series (32 L. R. A., n. s., 854) is that of *Bliss v. Tidrick,* 25 S. Dak. 533, 127 N. W. 852.

The plaintiff says there was no consideration for the deed. The absence of a consideration to the executors merely goes to the validity of the instrument considered as an executors' deed, which is not material. As between F. H. Haid and his wife no consideration was necessary. Not being indebted to anybody and there being no fraud in the transaction, F. H. Haid could place the title to his share of his mother's estate wherever he desired. The presumption is the land was a gift from husband to wife. (*Olson v. Peterson,* 88 Kan. 350, 128 Pac. 191; *Clester v. Clester,* 90 Kan. 638, 136 Pac. 236; *Page v. Pierce,* 92 Kan. 149, 153, 139 Pac. 1173.)

In making application for a loan F. H. Haid stated the land belonged to him and that he had inherited it. The representation was not binding upon Elizabeth Haid. Elizabeth Haid permitted her husband to manage the farm, collect rents, pay taxes, etc. The finding is that she did this with the knowledge and with the consent which a wife and mother usually has and gives concerning business matters of her husband when he is managing her property. Conduct of this character is not sufficient to defeat a title once acquired, and whatever the conduct of Haid and his wife may have been subsequent to the delivery of the deed, the findings conclusively show that title then vested in her.

The judgment of the district court is affirmed.