No. 25,266.

The Hart-Parr Company, *Appellant,* v. L. A. Chambers, and Floy C. Gates, Interpleader, *Appellees.*

SYLLABUS BY THE COURT.

Will—*Construction of Will—Equitable Conversion of Real Estate into Personal Property—A Residuary Beneficiary Has no Attachable Interest in Land Owned by the Testator.* A will is construed to devise the testator's property to his executrix in trust to be used in her discretion for the support of his widow during her lifetime, the principal as well as the income to be available for that purpose if needed, the executrix, at the widow's death, to sell the portion of the estate remaining and divide the proceeds among several beneficiaries. And as so construed the will is held to work an equitable conversion of the realty of the estate into personal property, so that one of the residuary beneficiaries has no attachable interest in land owned by the testator.

Appeal from Woodson district court; Robert E. Cullison, judge. Opinion filed May 10, 1924. Affirmed.

*C. E. Freeman,* of Topeka, for the appellant.

*G. R. Stephenson,* and *S. C. Holmes,* of Yates Center, for the appellees.

The opinion of the court was delivered by

Mason, J.: The Hart-Parr Company, a corporation, having obtained in Oklahoma a money judgment against L. A. Chambers, brought action upon it against him in this state, attaching a tract in which it claimed he had acquired an interest under the will of his father. Floy C. Gates, the executrix of the will, interpleaded, claiming that the defendant had no interest in the property. The land was owned by the testator at the time of his death and the defendant was one of several residuary beneficiaries of the will. Judgment upon the pleadings was rendered in favor of the interpleader, quieting her title and enjoining a sale under the attachment, upon the ground that an equitable conversion of the land into personal property resulted at the time of the testator's death from the terms of the will, which provided for the sale, after the death of the widow, of all the property then remaining, and for the dis-

tribution of the proceeds equally between five children, of whom the defendant was one, and a grandchild. The plaintiff appeals, contending that under the language of the will there was no conversion of the real estate into personalty.

The general rule is that where a will directs that land be sold and the proceeds divided, an equitable conversion into personal property is regarded as taking place at the death of the testator, where that accords with his intention as gathered from the entire document. (13 C. J. 859-60, 869-71; 6 R. C. L. 1074-6.) This court in three cases, upon which the plaintiff largely relies, has held the application of the rule to be prevented by the language of the wills involved. In the first one the tract was specifically devised to several persons, the devise being followed by a provision for its disposal "by appraisement or sale," the proceeds to be equally divided among them. One of them was held to have an interest in the land, to which a judgment lien attached. (*Bank v. Murray*, 86 Kan. 766, 121 Pac. 1117, annotated in 39 L. R. A., n. s., 817.) It was there said that a sale might have been prevented by a unanimous agreement on the part of those entitled to share in the proceeds to a division in kind, but the court did not thereby intend to say or intimate that the decision would have been the same in the absence of the specific devise to them. In the second case referred to, an undivided interest in the land was explicitly devised to the person as whose property it was attached, the executrix being given no title, but merely a direction to sell, the proceeds to be divided in proportion to the devise. (*Ward v. Benner*, 89 Kan. 369, 131 Pac. 609.) In the third the land was not in terms devised to the person against whose interest a judgment lien was enforced, but it was not devised to anyone else and was directed to be sold by the executor, the proceeds to be divided as the property would have been in the case of intestacy. (*Smith v. Hensen*, 89 Kan. 792, 132 Pac. 997.) The intention of the testator was held to be the same as though there had been an express devise to the beneficiaries. (See, also, 13 C. J. 866, note 13.) In the fourth case the conversion of realty into personal property was held to have resulted from a direction to the executor to sell it and divide the proceeds, although he was not expressly given title, the beneficiaries not being those who would have inherited in the absence of a will, and the passage of the estate as personalty being necessary to carry out the purpose of the testator. (*Bank v. Haid*, 97 Kan. 297, 155 Pac. 57.)

There is much apparent and some real conflict in decisions involving the application of the rule referred to. Here the controversy turns upon the interpretation of the will. The plaintiff regards it as vesting the beneficial title of the estate in the widow for life with a remainder expressly given to five children and a grandchild. The interpleader regards it as vesting full title in the executrix as an active trustee, the property to be used for the benefit of the widow during her life, so far as needed for that purpose, the residue at her death to be sold, the proceeds to be divided equally among the beneficiaries named.

The will reads:

"1st. It is my will and desire that all my just debts and funeral expenses be first paid out of my estate.

"2d. It is my further desire and will that all the remainder of my estate, together with all increase and profits thereof, be used for the care, support and enjoyment of my beloved wife, Sarah J. Chambers, so long as she may live, and that she be relieved of the burden of caring for and managing the same, and to that end.

"3d. I will, bequeath and devise all my notes, mortgages, bonds, moneys, credits and all other personal property of every kind and character, together with my real estate now owned by me, to-wit: [describing it], also all other property, real or personal of which I may die seized, to my beloved daughter, Floy C. Gates, or successor in office, in trust, however, for the use, care, support and enjoyment of my beloved wife, Sarah J. Chambers, during her life.

"4th. Upon the death of my beloved wife, should she survive me, I will that her funeral expenses be paid and that all the remainder and remaining portions of my estate then in the hands of my executor and trustee, be immediately or as soon as possible without sacrifice, converted into money and distributed as follows: To Eva C. Cunningham, a one-sixth share; to Elsie E. Allen, a one-sixth share; to Lew A. Chambers, a one-sixth share; to Harley C. Chambers, a one-sixth share; to Floy C. Gates, a one-sixth share, and to Carl C. LaFavre a one-sixth share, to be theirs, share and share alike, forever.

"5th. Any and all residue of property of my estate and all income and profits arising therefrom that may remain in the hands of my executor and trustee, upon the death of my wife, shall be divided among the above named six children and grandchild, share and share alike.

"6th. Power of sale, rent, mortgage, convey, assign and to convert my estate property for the purposes herein mentioned is hereby bestowed upon my executor and trustee or her successor in office, she to use her best judgment in respect thereto.

"7th. I hereby nominate and appoint my daughter, Floy C. Gates, trustee and executor to carry out the foregoing provisions of this my last Will and Testament and request that she so act without being required to give bond."

Considered alone the 5th paragraph tends to support the plaintiff's contention, being open to the interpretation that all the prop-

erty not expended in the support of the testator's widow should at her death be distributed in kind among the children. Considering together all parts of the document we construe it as vesting the title to all the property in the executrix as trustee of an active trust, charged with the duty of using it for the support of the widow so far as needed, and of converting so much of it as proved unnecessary for that purpose into money for distribution among the beneficiaries named. The will does not vest a life interest in the widow. It does not devote to her support merely the income of the property. It devises and bequeaths all the testator's property to the executrix as trustee, to be used as her judgment shall direct, selling it if she shall see fit, for the support of the mother until her death, when "the remaining portion of the estate" is to be "converted into money" and distributed among the beneficiaries named. A plausible interpretation of the 5th clause to make it consistent with the general plan of the testator as evidenced by the entire instrument is that the word "residue" refers to the unexpended proceeds of any sales of devised property, which with the income, being already in the form of money, would be ready for immediate distribution. At all events we do not regard it as devising the fee of the real estate to the defendant and those named with him. Under this construction the real estate owned by the testator is regarded as converted into personalty at the time of his death, and the defendant, L. A. Chambers, had no title to the land attached as his.

In support of its contention that the executrix was made a trustee solely to administer the estate for the benefit of the widow, and that her powers as trustee ceased with the widow's death, the plaintiff cites two cases (*Doe, Lessee of Poor v. Considine*, 73 U. S. 458, and *Young v. Bradley*, 101 U. S. 782), which do not appear to us to be applicable to the facts here presented. The reference to the executrix as trustee in the 5th clause and the powers given to her without restriction as to time in the 6th, as well as the general scope of the will, seem inconsistent with the limitation suggested. These circumstances serve to distinguish the present case from others cited by the plaintiff: No part of the property of the testator was in terms devised or bequeathed to the defendant; it was all explicitly devised and bequeathed to the executrix as trustee with full power in her discretion to sell or convert it for the purposes mentioned in the will, one of which was the distribution of the part not needed for the widow's support, to accomplish which distribution its conversion

into money was made mandatory; the widow was not given a life estate with a remainder to the children; it is not shown that the residuary beneficiaries would have been the sole heirs if there had been no will; and the purpose of the testator seems clear that a fund in money for distribution is to be created from the blended realty and personalty—a fact often held to be equivalent to an express direction to sell. (13 C. J. 863.) The case of *Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621, cited by the plaintiff, differs from this one in that there interests of remaindermen in an estate were sought to be reached by their trustees in bankruptcy, and the language and purposes of the will differed from those of that here involved. That the view of this court is not more favorable to the theory of conversion than that prevailing in other jurisdictions will be made apparent by the examination of any collection of cases on the subject. The following quotations are made because of some similarity in the facts presented:

"A will which devises real estate to a trustee, and directs the trustee to execute a named trust and *then* to sell the property and to divide the proceeds among certain remaindermen, works an equitable conversion of the realty into personalty, thereby depriving the remaindermen of any legal or equitable interest in the land itself, and, needless to say, of the right to partition the land." (*Shillinglaw v. Peterson,* 184 Iowa 276, syl. ¶ 4.)

"Where a will devised all property to executors to hold in trust for testator's wife, and after her death to sell and divide the fund among his children and their heirs, there was a conversion of any real estate into personal property at the time of testator's death, as to issue of a child surviving the testator and the widow, and the share of such child would go to the child's personal representative, and not to the issue." (*Hyers v. Titus et al.,* 102 Atl. [N. J.] 250.)

The plaintiff urges that the executrix has no standing to challenge the validity of the attachment. In our view the title is vested in her as trustee and the performance of the trust may at any time and ultimately will require a sale of the attached land. The defendant has no claim to this specific property and the executrix has a right to have her title quieted.

The plaintiff finally contends that the judgment violates the 14th amendment to the federal constitution because in conflict with earlier decisions of this court. We do not find that such conflict exists, nor do we see that any federal question is involved.

. The judgment is affirmed.