No. 27,618.

C. T. Jones, Trustee of The Estate of Willie H. McMillan, Bankrupt, *Appellant*, v. Willie H. McMillan et al., *Defendants;* and Ray E. McMillan, Intervener, *Appellee.*

(261 Pac. 596.)

SYLLABUS BY THE COURT.

1. Wills—*Construction—Equitable Conversion of Remainder After Life Estate in Land.* A will devised land to the testator's wife for her life and provided that at her death the land should be sold and the proceeds distributed equally among the testator's sons, daughters and stepdaughter. *Held,* the property devised is to be regarded as (1) real property passing to the widow, consisting of a life estate in land, and (2) personal property passing to the executor, derived by equitable conversion of the remaining interest in the land, considered as taking place at the testator's death.

2. Same—*Equitable Conversion—Interest of Devisee Passes by Assignment of Personalty.* After death of the testator, one of the sons assigned all his interest in the personal property to a purchaser for a valuable consideration. Several years afterward, and in contemplation of voluntary bankruptcy, the son made a deed of the land to his children. *Held,* nothing passed by the deed, and the trustee in bankruptcy has no interest in setting the deed aside.

Appeal from Jewell district court, William R. Mitchell, judge. Opinion filed December 10, 1927. Affirmed.

*Park B. Pulsifer* and *Clyde L. Short,* both of Concordia, for the appellant. *Alonzo Teeple* and *George E. Teeple,* both of Mankato, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a trustee in bankruptcy to set aside a deed of real estate made by the grantor shortly before he was adjudged to be bankrupt. An intervener claimed that, on account of a will, an equitable conversion of the land into personalty had taken place, and he had purchased the grantor's interest in the personalty many years before the deed was made. A demurrer to the intervener's pleading was overruled, and the trustee appeals.

Previous to the year 1914 the land belonged to William McMillan. On November 7, 1914, he died, leaving a will giving the land to his wife for her life and providing that at her death the land should be sold and the proceeds of the sale divided equally among persons who

Conversion, 13 C. J. pp. 859 n. 75, 866 n. 16, 869 n. 38, 883 n. 56. Wills, 40 Cyc. p. 1615 n. 33; 6 R. C. L. 1074.

were described as sons, daughters and a stepdaughter of the testator. Willie H. McMillan is one of the sons. An executor was appointed, who subsequently resigned, and an administrator with will annexed was appointed, who is still in office. In December, 1916, for a consideration of $1,500, Willie H. McMillan assigned to the intervener all his interest in the personalty of the testator's estate, and notice of the assignment was given to the executor. In May, 1924, and in contemplation of bankruptcy, Willie H. McMillan made a deed of the land to his children.

The theory of the trustee is that on the death of the testator the widow took a life estate in the land; the testator's heirs took the remainder after the life estate, because the remainder had to go somewhere; the son Willie was an heir, and his interest, when the fraudulent deed is set aside, is an asset of the estate in bankruptcy. The difficulty with this theory is, it imports intestate succession into what was purely testate succession. The stepdaughter was not an heir of the testator. She took under the will. The children of the testator took by the same title, and to allow heirs to inherit a real-estate remainder after the wife's life estate would contradict the will.

The terms of the will must be carried out, and in order to do so, the property devised is regarded as real property consisting of a life estate in the land, and personal property derived by equitable conversion of the remaining interest in the land, considered as taking place at the testator's death. The real property passed to the widow. As indicated in the case of *Bank v. Haid,* 97 Kan. 297, 155 Pac. 57, express words giving title to the executor are not essential to equitable conversion, and the personalty passed to the executor to be distributed according to the terms of the will. In this manner the whole estate in the land is accounted for.

Willie H. McMillan having assigned his share of the personalty to the intervener, his subsequent deed to his children conveyed nothing. The trustee in bankruptcy would get nothing if the deed were set aside, he has no interest in setting the deed aside, and on the face of the intervener's pleading he is entitled to recover as against the trustee.

The judgment of the district court is affirmed.