No. 39,632

BERT KIRKPATRICK, *Appellant,* v. A. W. AULT and
MARGARET ANN AULT, *Appellees.*

(280 P. 2d 637)

Opinion filed March 5, 1955.

*Archie T. MacDonald,* of McPherson, argued the cause, and *Russ B. Anderson,* of McPherson, was with him on the briefs for the appellant.

*James L. Galle* and *Robert F. Stover,* both of McPherson, argued the cause, and *H. L. Smither* and *Robert R. Berkley,* both of Salina, were with them on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action in the nature of a declaratory judgment to have determined whether a personal judgment previously obtained by plaintiff against defendant, A. W. Ault, is a lien upon his alleged interest in certain real property now claimed to be owned entirely by his wife, Margaret Ann Ault. The trial court sustained a demurrer to plaintiff's evidence and he has appealed.

The facts are not in dispute and may be stated as follows: On April 17, 1943, a general warranty deed dated February 8, 1943, was filed in the office of the register of deeds in McPherson County, in which the grantors were Galen B. Barrett and his wife, Lawrence Louis Barrett a single man, Stanley Walden Barrett and his wife, March Henderson Barrett a single man, Willis Shaw Barrett and his wife, and Dorothy Barrett Rundell and her husband, and Margaret Ann Ault and A. W. Ault were grantees. It recited a consideration of $4,500, the payment of which was acknowledged, and described by metes and bounds a tract of land of about seven acres, all lying within the corporate limits of the city of McPherson.

On July 6, 1943, in an action pending in the district court of McPherson County in which the present plaintiff was plaintiff, and the present defendant, A. W. Ault, was the sole defendant (case No. 10,329), plaintiff recovered a personal judgment against defendant for the sum of $3,723.04, with interest and costs, upon which judgment $313.03 had been collected and credited, leaving a balance due at the time of this action of $3,410.01, plus accrued interest. Plaintiff has kept this judgment alive by successive executions.

On December 27, 1943, a general warranty deed was filed in the office of the register of deeds of McPherson County. This was entitled "Correction Deed." It bore the same date, February 8, 1943, as the former deed; was executed by the same grantors on various dates in August, 1943, and the sole grantee named therein Margaret Ann Ault. It named a consideration of $1, and described the same land described in the earlier deed. This deed contained the following recital:

"Whereas, the said parties of the first part did, on or about the 8th day of February, 1943, execute to the party of the second part, under whom the party of the second part claims for the consideration therein mentioned, a conveyance of certain lands, situated in McPherson County, Kansas, and hereinafter more particularly described, which said conveyance is recorded in the office of the Register of Deeds of the County of McPherson, in Book 113, of Deeds, page 246 of the records of said office, and

"Whereas, in said conveyance by mistake the words, Margaret Ann Ault and Alfred W. Ault were written instead of the words Margaret Ann Ault, and

"Whereas, to prevent difficulties hereafter, it is expedient to correct said errors."

One of the executions in case No. 10,329 issued June 27, 1952,

was accompanied by a note to the sheriff asking him in the event he found no personal property subject to execution to levy upon the one-half interest of A. W. Ault in the seven-acre tract of land described in the deed recorded April 17, 1943, above mentioned, except one acre thereof to be selected by the judgment debtor as his homestead. When the sheriff went to levy on the real property the debtor denied any ownership in the property. The sheriff made some other investigations, concluded the title was questionable, and refused to make the levy without bond, which the plaintiff refused to furnish. Then plaintiff filed a motion in case No. 10,329 to amerce the sheriff, and for the full amount due on the judgment. At the hearing of this motion the two deeds above mentioned were offered in evidence and it was stipulated that there were no other instruments of record affecting the title of the property described in the praecipe for execution in this cause "dated June 27, 1952" except a mortgage in the original amount of $2,700 from the Aults to the Railroad Building & Loan Association and the extension agreement relative thereto, that the said real property lies within the boundaries of the City of McPherson and has not been excluded therefrom; and that the defendant and his spouse were entitled to select a one-acre homestead therein. The trial court overruled the motion and plaintiff appealed. This court affirmed by an opinion found in 174 Kan. 701.

The petition in the case before us was filed December 4, 1953, No. 12,112. The plaintiff and the defendant, A. W. Ault, were the same persons who were plaintiff and defendant in case No. 10,329, but in addition thereto Margaret Ann Ault was named as a defendant. The petition pleaded the judgment in favor of Kirkpatrick in case No. 10,329, and that there was a balance due upon it of $3,410.01, plus interest. It pleaded the deed from the Barretts to Margaret Ann Ault and Alfred W. Ault, above mentioned, was executed and delivered; pleaded the defendants occupied a residence located upon the tract of land conveyed by the deed; pleaded that by reason of the deed the grantees named therein became seized and possessed of fee title to the property described therein as tenants in common, and that A. W. Ault became thereby the owner of an undivided one-half interest therein. It also pleaded the issuance of executions for the judgment; that when the sheriff attempted to levy upon the real property Margaret Ann Ault claimed the full title to the property and A. W. Ault denied

that he had any interest therein, and because thereof the sheriff declined to make the levy. It is further pleaded that by reason of the premises an actual controversy existed between the plaintiff and defendants, and each of them, as to the title of A. W. Ault in the property, and the lien of plaintiff's judgment thereon. It was pleaded that defendant A. W. Ault should be determined to have an undivided one-half fee title interest in the property, that said interest was subject to the lien of judgment, and that the court should order the undivided one-half interest of A. W. Ault sold, subject to his selection of homestead, and equitably subject to the mortgage held thereon by the Railroad Building & Loan Association of Newton. The prayer was for such judgment.

The defendants joined in an answer which contained a general denial except as to matters admitted; they admitted plaintiff had obtained judgment against A. W. Ault in case No. 10,329; that the Barretts had executed and delivered to them a general warranty deed to the real property in question which deed was recorded April 17, 1943; alleged the "Correction Deed" was filed December 27, 1943; alleged that by reason of the said correction deed the title to the above described property was vested solely in Margaret Ann Ault and that A. W. Ault had no interest whatsoever in said real estate. The answer further alleged that in the proceedings to amerce the sheriff, above referred to, plaintiff's motion to amerce the sheriff was denied by the district court; that plaintiff appealed therefrom, and that this court affirmed in its opinion reported in 174 Kan. 701, and alleged the decision of the supreme court to be a final adjudication, and was *res judicata* regarding all questions pleaded and set forth in plaintiff's petition.

Plaintiff's reply contained a general denial but admitted that the instrument entitled "Correction Deed" mentioned in the answer was recorded December 27, 1943, and admitted that plaintiff had filed a motion in case No. 10,329 to amerce the sheriff; that the motion was denied and that the supreme court affirmed it in its opinion found in 174 Kan. 701, and specifically denied that the judgment of the district court or the supreme court in the amercement proceedings decided the question of title to the property involved in this case.

We turn now to legal questions presented. First, did A. W. Ault get any title to the real property in question by the deed executed by the Barretts and recorded April 17, 1943? The grantees

named in that deed were Margaret Ann Ault and A. W. Ault. Normally such conveyance places in the grantees all the title to the property, one-half to each as tenants in common.

In *Pricer v. Simonton*, 134 Kan. 211, 5 P. 2d 835, it was held:

"Where real estate is conveyed to a man and his wife, naming them, there is a presumption that each one is the owner of an undivided one-half interest in the real estate." (Syl. 2.)

In so holding the court in the opinion cited *Olson v. Peterson*, 88 Kan. 350, 128 Pac. 191, where the same conclusion had been reached. Other of our cases indicate that the result is the same if one of the grantees paid all of the consideration or if they paid it one-half each (*Clester v. Clester*, 90 Kan. 638, 135 Pac. 996; *Page v. Pierce*, 92 Kan. 149, 139 Pac. 1173; and, *Bank v. Haid*, 97 Kan. 297, 155 Pac. 57), unless there was an effective writing between the grantees to the contrary. Here there is no showing of such writing and we are forced to conclude that the deed in question conveyed an undivided one-half interest to A. W. Ault, and that he and his wife held the title as tenants in common in fee simple.

Did plaintiff's judgment in case No. 10,329 become a lien upon the one-half interest of A. W. Ault in the property? Our statute G. S. 1949, 60-3126, so far as here pertinent, reads:

"Judgments of courts of record of this state, . . . shall be liens on the real estate of the debtor within the county in which the judgment is rendered, from the first day of the term at which the judgment is rendered; but judgments by confession, and judgments rendered at the same term during which the action was commenced, shall bind such lands only from the day on which such judgment was rendered. . . ."

In case No. 10,329 the petition was filed in the district court on June 8, 1943, there was personal service of summons on the defendant, and the judgment was rendered on July 6, 1943, all within the April, 1943 term of the district court of McPherson County. (G. S. 1949, 20-1009a) So, plaintiff's judgment became a lien upon A. W. Ault's undivided one-half interest in the real property, but since there was a residence on the property occupied by A. W. Ault and his wife the lien did not attach to the homestead. (Art. 15, § 9, Constitution.) Since this land is within the limits of a corporate city and is more than one acre, the part of the land claimed as homestead should be selected and described by A. W. Ault and his wife and not sold to the satisfaction of the lien of the judgment. (G. S. 1949, 60-3502.)

What is the effect of the "Correction Deed" filed for record De-

cember 27, 1943? The grantors in that deed are the same identical persons as the grantors in the deed filed for record April 17, 1943. By the earlier deed they conveyed all the property with full covenants of warranty to the grantees therein named. The "Correction Deed" bears the date of February 8, 1943, which is the same date as the earlier deed but the respective grantors acknowledged the same at different places and on different dates in August, some of them August 2, and others as late as August 16, 1943. When it was delivered is not disclosed unless shown by the recording date. The grantors in that deed are the only persons who have said there was a mistake in the earlier deed, neither of the grantees said anything about that until the sheriff undertook to levy an execution on the property, July 27, 1952. Standing alone, it would not seem to convey anything more than if the grantee had been some third person.

In 26 C. J. S., Deeds, § 31, dealing with the correction of deeds by subsequent instrument, the pertinent portions of the text read:

"Where there is no fraud and the rights of third persons have not intervened, and equity could have reformed the deed, it may be amended by a subsequent instrument so as to effectuate the intention of the parties. . . . As against third persons an alleged defective deed can be cured only by a bill in equity, and not by a confirmation assuming to relate back to the original deed. . . . Where the grantor has divested himself of title, although by mistake he has not conveyed the title in the way in which he intended, he cannot by a subsequent conveyance correct his mistake, there being no title remaining in him to convey, . . ."

Many other authorities to the same effect might be cited. We find none opposed to it. The result is that the correction deed did not have the effect of divesting A. W. Ault of the undivided one-half interest which he had in the property.

Counsel for appellees contend that the amercement proceedings hereinbefore mentioned, and the opinion of this court, 174 Kan. 701, are *res judicata* upon the question whether A. W. Ault had any interest in this property. The point is not well taken. That proceedings was initiated by a motion filed by plaintiff in case No. 10,329 for an order amercing the sheriff for the full amount of the judgment, $3,723.04, with interest, without any credit for sums which had been paid thereof. There were no pleadings other than the motion. That is, A. W. Ault filed no pleading in which he disclaimed title and Margaret Ann Ault, who was not a party to the action, did not seek to become a party and claim the entire title

to the property. So, the question of title would only be indirectly taken into consideration. The court pointed out that an amercement is a highly penal proceedings not to be enforced unless the right to enforcement is clear.

The result of what has been said is that the judgment of the trial court must be reversed with directions to overrule the demurrer to plaintiff's evidence and to proceed in harmony with this opinion. It is so ordered.