775 P.2d 161

**Elmer Charles SARTAIN, Plaintiff–Appellant,**

v.

**FIDELITY FINANCIAL SERVICES, INC., an Idaho corporation lawfully doing business in the State of Idaho, Defendant–Respondent.**

No. 17540.

Court of Appeals of Idaho.

June 5, 1989.

Thomas G. Maile, IV, Boise, for plaintiff-appellant.

Michael L. Schindele, Boise, for defendant-respondent.

WALTERS, Chief Judge.

This case involves the competing interests of the parties in a tract of real property. Elmer Sartain appeals from a decision of the district court, affirming a magistrate's judgment deciding that the respondent, Fidelity Financial Services, Inc. (Fidelity), was entitled to satisfaction of a lien on property previously owned by Sartain. Sartain argues that Fidelity's lien was inferior to his ownership interest in the property. For the reasons explained below, we affirm the district court's decision upholding the magistrate's judgment.

The essential facts of this case are as follows. Sartain was the owner of a residential lot located on Iowa Street in Boise. In May, 1985, Gregory Morris fraudulently obtained a warranty deed to the property from Sartain, and moved into the residence. Shortly thereafter, Morris obtained a home improvement loan from Fidelity. The loan was secured by a deed of trust on the property. However, the deed of trust contained an incorrect legal description by reciting an erroneous designation of the block number in the subdivision where the lot was located. The inaccurate description appeared to be a typographical error; the deed of trust was complete in all other respects, including the correct street address for the property. The deed of trust was recorded in June, 1985.

Within a few weeks Sartain sued Morris for return of his property, alleging fraud in the conveyance. In August, 1985, Sartain filed a lis pendens notice of his action against Morris. Sometime thereafter, Sartain's attorney notified Fidelity of the action against Morris; however, Fidelity was never made a party to that action. In late 1985, Fidelity discovered the discrepancy in the legal description in its deed of trust. In January, 1986, Fidelity obtained an "amendment" from Morris correcting the block number in the legal description. In March, 1986, the district court quieted title

to the property in favor of Sartain, and ordered Morris permanently enjoined from claiming any right or title adverse to Sartain's interest in the property. Later that year, Sartain sold the property. However, before turning over the proceeds of the sale to Sartain, the closing agent satisfied Fidelity's lien resulting from the home improvement loan to Morris.

Sartain then commenced this action, suing Fidelity for conversion in the amount of money it received in satisfaction of the lien. The case was tried in the magistrate division. The trial judge found that Fidelity was a "good faith purchaser" [sic] under a voidable deed; that the "correction" deed obtained by Fidelity in January, 1986, related back to the time of the original deed of trust; and that Fidelity was without timely notice of Morris' fraud in obtaining the warranty deed from Sartain. The magistrate held that Fidelity was entitled to keep the proceeds satisfying the lien. The magistrate's judgment was affirmed on appeal to the district court. Sartain then brought this appeal from the district court's decision.

█ We first note our standard of review. On appeal from a decision of the district court reviewing a magistrate's findings and conclusions, we review the record of the trial court independently of the district court's intermediate appellate decision. *Cole v. Kunzler,* 115 Idaho 552, 768 P.2d 815 (Ct.App.1989). This requires that we review the magistrate's findings and conclusions based upon the record under I.R. C.P. 52(a). *Matter of the Estate of Bradley,* 107 Idaho 860, 693 P.2d 1062 (Ct.App. 1984). Depending upon our analysis of the correctness of the magistrate's findings and conclusions, we will either affirm or reverse the district court's appellate decision, accordingly.

As pointed out by the district court, this case involves the interplay between two competing doctrines of real property law: the doctrine of lis pendens and the doctrine of relation back. On the one hand Sartain argues that, due to the typographical error in the legal description in Fidelity's deed of

trust, Fidelity was not an encumbrancer of record on the property at the time Sartain filed his notice of lis pendens. Therefore, Sartain contends, Fidelity's lien cannot take priority over his right to the property because Fidelity's deed of trust was subject to Sartain's action against Morris. Sartain also submits that, because Fidelity knew prior to receiving the corrected deed of trust that Morris had obtained his warranty deed to the property through fraud, Fidelity cannot claim to be a good faith encumbrancer of the property. On the other hand, Fidelity argues that its correction of the legal description relates back to the date of recording of the original deed of trust in June, 1985, thus predating Sartain's lis pendens notice. Therefore, Fidelity maintains that its lien attached to the property *before* Sartain regained ownership from Morris.

■ The doctrine of lis pendens refers to the common law principle that when a third party—with actual or constructive notice of a pending action involving real property—acquires an interest in that real property from a party to the action, then the third party takes subject to the rights of the parties in the action as finally determined by the judgment or decree. 54 C.J.S. *Lis Pendens* § 2 (1987) (hereinafter cited as *Lis Pendens*); *see Maxwell v. Twin Falls Canal Co.*, 49 Idaho 806, 292 P. 232 (1930); *and Suitts v. First Security Bank of Idaho, N.A.*, 100 Idaho 555, 602 P.2d 53 (1979). Idaho Code § 5–505 provides for the filing of a lis pendens which serves as constructive notice under the doctrine. When a subsequent purchaser or encumbrancer has actual knowledge of an action affecting its right or interest in real property, a notice of lis pendens need not be filed by the party advancing the claim. *Smith v. Faris–Kesl Construction Company, Ltd.*, 27 Idaho 407, 427, 150 P. 25, 32 (1915); *see Harvey v. Sanders*, 534 P.2d 905 (Utah 1975). However, if a third party acquires rights to property before receiving actual notice that an action affecting the property has been filed, or before a notice of lis pendens has been filed, the third party is not bound by the subsequent judgment or decree entered in the action unless it is made a party to the action. *Lis Pendens, supra,* § 35; *Roberts v. Friedell,* 218 Minn. 88, 15 N.W.2d 496 (1944).

■ The doctrine of relation back permits a party to a conveyance of real property to correct an erroneous legal description in the original deed by filing a subsequent or "correction" deed; the correction then becomes effective as of the date of the original deed. *See Parker v. McKinnon,* 353 S.W.2d 954 (Tex.App.1962); 23 AM. JUR.2d *Deeds* §§ 331, 334 (1983). The general rule is summarized as follows:

> Where there is no fraud and the rights of third persons have not intervened, and equity could have reformed the deed, it may be amended by a subsequent instrument so as to effectuate the intention of the parties.... As against third persons an alleged defective deed can be cured only by a bill in equity, and not by a confirmation assuming to relate back to the original deed....

26 C.J.S. *Deeds* § 31 (1956) (footnotes omitted); *Buell Cabinet Company, Inc. v. Sudduth,* 608 F.2d 431 (10th Cir.1979). A correction deed does not bestow new title on the grantee; rather, it is the confirmation of a title already possessed. *See Mason v. Jarrett,* 218 Ark. 147, 234 S.W.2d 771 (1950). As a predicate to operation of this doctrine, the parties executing a correction deed must do so in the absence of fraud, and where a third party has not intervened. *Id.* (citing 26 C.J.S. *Deeds* § 31 (1956)); *see also Blevins v. Manufacturers Record Publishing Company,* 235 La. 708, 105 So.2d 392 (1957) (deed may not be corrected to the prejudice of a third party); *Kirkpatrick v. Ault,* 177 Kan. 552, 280 P.2d 637 (1955).

■ Although the Idaho courts have long recognized the doctrines of lis pendens and relation back, we have not found any reported decision which addresses—as required here—a situation dealing with the interaction of both doctrines. Based upon our review of the proceedings in the magistrate's division, we hold as a matter of law, that Fidelity's interest in the property prevails. Although Sartain's notice of lis pen-

dens precluded *subsequent* purchasers or encumbrancers from acquiring superior rights in the property, Fidelity's lien—relating back to the date of execution of the deed of trust with Morris—preceded Sartain's notice. *See Roberts v. Friedell, supra.* Fidelity's filing of a correction deed merely remedied the typographical error in the initial deed of trust from Morris to Fidelity. The correction reflected the original intent of the parties. As the district court judge pointed out in his opinion, had the deed of trust contained the correct legal description in the first place, there would have been no question that Fidelity would have prevailed. In reaching our conclusion, we are mindful that the doctrine of lis pendens is usually applied to favor the interests of the parties asserting its protection. *See Lis Pendens, supra,* § 5. However, in this case, Sartain cannot prevail simply because Fidelity's lien existed *before* the notice of lis pendens was filed.

In determining this issue, we are unpersuaded by Sartain's argument that, because Fidelity had notice of Morris' alleged fraud prior to correcting its deed of trust, Fidelity cannot assert that its lien relates back to the date of its original filing. The magistrate concluded that Fidelity was a bona fide encumbrancer under a voidable deed. The record establishes that, although Fidelity was aware of Morris' alleged fraud at the time it filed its correction deed, Fidelity in no way contributed to Morris' fraud in obtaining the warranty deed from Sartain. Furthermore, there is no evidence in the record to suggest that Fidelity obtained its deed of trust from Morris through fraud. Absent a showing that Fidelity also engaged in fraudulent conduct, we are not persuaded that Fidelity's subsequent knowledge of Morris' fraud precludes it from claiming a superior right in its lien.

█ We are also unpersuaded that Sartain was prejudiced by Fidelity's filing of the correction to its deed of trust. Sartain maintains that he remained the owner of the property even though Morris held a warranty deed. Sartain therefore contends that Fidelity's deed of trust amounted to nothing more than a "wild" deed inferior to his rights in the property. However, the magistrate found that Morris held a "voidable" deed to the property. Therefore Sartain's interest in the property was not finalized at the time he instituted his action against Morris; his right did not mature until the district court quieted title in his favor. By that time, Fidelity's deed of trust, which it earlier had received from Morris, already had been corrected. As a result, Sartain had no "interest" in the property at the time Fidelity's deed of trust was corrected. Although we are sympathetic to Sartain's dilemma under the circumstances, we conclude that, without a valid interest in the property at the time the correction to the deed of trust was filed, Sartain's assertion that his interest was affected by the correction is unavailing.

█ Finally, we address the issue of attorney fees. Fidelity argues that it should have been awarded attorney fees by the trial court and by the district court on appeal. However, we note that Fidelity failed to cross-appeal from those determinations. Fidelity's failure to do so precludes us from considering this issue on its merits. I.A.R. 21.

In summary, we hold that Fidelity's lien on the property related back to the time it obtained its deed of trust from Morris, and was superior to Sartain's ownership interest in the property. The district court's appellate decision, and the magistrate's judgment, are affirmed. Costs to respondent Fidelity. No attorney fees on appeal.

SWANSTROM, J., and HART, J. Pro Tem., concur.