Amy Marie Kent brought this action for partition of a tract of land in Shelby County. The trial court entered a partial summary judgment in her favor on the threshold issue whether Kent had an ownership interest in the tract, and it certified the judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P. Randy Kenneth Gallups appeals; we affirm.
The tract that is the subject of this dispute was once owned by R.T. White and S.J. White, a married couple. On October 18, 1929, the Whites executed a deed conveying the tract from "R.T. White and wife" to "G[eorge] M. Gallups and wife [Retha Gallups]." Sometime thereafter, R.T. White died. On December 11, 1933, S.J. White executed a "correction deed" purporting to reform the 1929 deed:
 "[T]o cure a defect in leaving the grantor's name out of the body of the deed and general and separate acknowledgments thereto which deed was made by R.T. White and wife S.J. White, to G.M. Gallups on the 18th day of October, 1929. . . ."
In addition, the correction deed stated that the conveyance was to "G.M. Gallups, his heir and assigns."
George Gallups died in 1981. In his will, he devised his interest in the tract to Retha Gallups for life, with the remainder to Randy Kenneth Gallups. Retha died in 1998 and devised her entire estate to her son, John Huston Gallups. Sometime thereafter, John Huston Gallups died, devising his entire estate to Amy Marie Kent, who is his granddaughter. It is thus undisputed that Retha's interest in the tract, if any, has passed to Kent and that George's interest has passed to Randy.
In her action for partition of the tract, Kent argued that the 1929 deed conveyed to Retha an undivided one-half interest in the tract and that the 1933 correction deed did not affect that interest. In response, Randy argued that the references in the correction deed to "G.M.," combined with the absence of any reference to Retha, reformed the 1929 deed so that George was the sole grantee. The trial court entered a partial summary judgment for Kent, stating:
 "The 1929 deed is a valid deed, giving Retha Gallups, and hence Amy Kent, a ½ interest in the property in question. The defendant has failed to provide evidence that the 1929 deed did not express the true intent of the parties. . . . Amy Marie Kent and Randy Kenneth Gallups are tenants in common in fee simple with each owning a ½ interest in the [tract]. . . ."
On appeal, Randy again argues that the 1933 correction deed reformed the 1929 deed to name George as the sole grantee. In the alternative, he argues that the 1933 correction deed "vacated and replaced" the 1929 deed, thus voiding any interest conveyed to Retha by the 1929 deed. Neither argument is persuasive; we hold that the 1933 correction deed did not divest Retha of her one-half interest in the tract.
A grantor may, by executing a subsequent deed, reform a deed to reflect the parties' original intent. Lavender v. Lee,14 Ala. 688 (1848). To be effective, however, the correction deed must be executed by the same grantor that executed the original deed. Arnold Indus., Inc. v. Love,63 P.3d 721, 727 (Utah 2002); 23 Am. Jur.2d Deeds § 272 (2002) ("[a] mistake in the description of the land conveyed may be corrected by a subsequent deed executed by the samegrantor for the purpose of correcting the description and confirming in the grantee the title to the land" (emphasis added)). This requirement ensures that the corrected instrument reflects the intent of "all the parties to the contract." *Page 395 Sunshine Bank of Ft. Walton Beach v. Smith,631 So.2d 965, 968 (Ala. 1994); see also Touchstone v. Peterson,443 So.2d 1219, 1222 (Ala. 1983) (permitting reformation of deed in equity when "[a]ll the parties to both deeds in question . . . were properly joined").
In this case, the 1929 deed was executed by R.T. White and S.J. White. By the time S.J. White executed the correction deed in 1933, however, R.T. White had died. S.J. White's execution of a correction deed in 1933 thus could not evidence the intent ofboth grantors in 1929, and the correction deed was therefore ineffective.
Moreover, Randy's argument would fail even if the correction deed had been executed by both grantors. The purpose of a correction deed is to confirm the title conveyed by the original deed — typically by correcting an error in the description of the property. A grantor cannot use a correction deed to unilaterally terminate or revoke an interest conveyed by the original deed.
In Kirkpatrick v. Ault, 177 Kan. 552, 280 P.2d 637
(1955), as in this case, a deed named a married couple as grantees. The grantors attempted to use a correction deed to reform the conveyance to name the wife as the sole grantee, stating that "`by mistake the words, Margaret Ann Ault and Alfred W. Ault were written instead of the words Margaret Ann Ault. . . .'" 177 Kan. at 553, 280 P.2d at 639. The Supreme Court of Kansas held that the correction deed could not divest the husband of his undivided one-half interest in the property. Quoting 26 C.J.S. Deeds § 31, that court stated that "`[w]here the grantor has divested himself of title, although by mistake he has not conveyed the title in the way in which he intended, he cannot b[y] a subsequent conveyance correct his mistake, there being no title remaining in him to convey.'" 177 Kan. at 557, 280 P.2d at 641.
The same reasoning applies here. When the Whites conveyed the tract to George Gallups and Retha Gallups in 1929, they divested themselves of title, and they could not convey the property to George alone by means of a subsequent instrument. Even if the 1933 correction deed had contained express language purporting to revoke Retha's interest, it would have been ineffective for that purpose.
Retha acquired a one-half interest in the tract by virtue of the 1929 deed, and she retained that interest notwithstanding the 1933 correction deed. Because it is undisputed that Kent has succeeded to Retha's entire interest in the tract, the trial court correctly found that Kent has a one-half interest in the tract. The summary judgment is therefore affirmed.
AFFIRMED.
SEE, HARWOOD, STUART, and BOLIN, JJ., concur.