# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kevin R. Durbin,**
**Plaintiff Below, Petitioner**

**vs.)  No. 17-0289** (Marshall County 11-C-219)

**McElroy Coal Company,**
**Defendant Below, Respondent**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kevin R. Durbin, by counsel Thomas E. White, appeals the Circuit Court of Marshall County's February 24, 2017, order granting summary judgment in respondent's favor. Respondent McElroy Coal Company, by counsel Michelle Lee Dougherty and Kristen Andrews Wilson, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court incorrectly construed an oil and gas reservation and failed to give priority to a deed of correction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 13, 1998, petitioner and his wife conveyed to Robert D. Dobbs three parcels of land ("Durbin Deed"), each containing a separate reservation of mineral interests, as described below in relevant part:

> **FIRST PARCEL:**    [Legal description]; containing 58.05 acres, more or less; excepting and reserving from the operation of this deed all the coal underlying said parcel together with the necessary mining rights and privileges as heretofore conveyed;
>
> **SECOND PARCEL:** [Legal description], containing one-fourth (1/4) of an acre, more or less; there is reserved from the operation of this deed all the coal underlying said parcel together with certain mining rights as heretofore conveyed, and there is also reserved unto first party all the oil and gas within and underlying said parcel;

1

Said First and Second parcels being the same property conveyed to Kevin R. Durbin by Nancy A. Rush . . . by deed . . . of record in the office of the Clerk of the County Commission of Marshall County . . . .

**THIRD PARCEL:** [Legal description], containing 4.860 acres, more or less, as surveyed by Charles V. Eller, County Surveyor, December 5, 1988, and shown on a plat attached hereto and made a part of this description.

Said Third Parcel being the same property conveyed to Kevin R. Durbin by Opal Greathouse and Harold Greathouse . . . by deed . . . and of record in the office of the Clerk of the County Commission of Marshall County . . . .

There is hereby excepted and reserved from the above described parcel all of the coal, oil, gas and other minerals within and underlying the same.

On April 23, 1998, Mr. Dobbs conveyed to Edward G. Strope and Lavonne F. Strope ("Strope Deed") two parcels of land. The first parcel conveyed was the First Parcel set forth in the Durbin Deed; however, Mr. Dobbs reserved unto himself a 0.312-acre portion of the First Parcel. The second parcel conveyed in the Strope Deed was the Third Parcel listed in the Durbin Deed. The conveyance of the Third Parcel concluded with, "Excepting and reserving form [sic] the operation of this deed all of the coal, oil, gas and other minerals within and underlying the same." Mr. Dobbs also reserved unto himself a 0.693-acre tract from the Third Parcel. Subsequently, in 2005, the Stropes entered into an oil, gas, and coalbed methane lease with Great Lakes Energy Partners, L.L.C. that included the First Parcel conveyed in the Durbin Deed.

On January 6, 2006, Mr. Dobbs conveyed to John D. Wells and Barbara A. Wells two tracts of land. The first tract was from the First Parcel conveyed in the Durbin Deed, and the second tract was part of the Second Parcel conveyed in the Durbin Deed. This deed contained no reservation of minerals.

On October 9, 2007, the Stropes conveyed to respondent six tracts of land, four of which are unrelated to the instant action. The other two parcels were the Third Parcel from the Durbin Deed, excluding the .693-acre reservation to Mr. Dobbs, and the First Parcel from the Durbin Deed, excluding the .312-acre reservation to Mr. Dobbs. Aside from repeating the reservations expressed in the prior deeds, this deed made no express reservation of mineral interests.

More than twelve years following the original Durbin Deed, on October 5, 2010, petitioner and his wife executed a Deed of Correction that stated it was "for the purpose of correcting a typographical error in the prior deeds between the parties, wherein one of the words in the following paragraph was inadvertently not pluralized in said prior deed." Namely, petitioner corrected "parcel" to "parcels" in the reservation clause following the Third Parcel as follows: "There is hereby excepted and reserved from the above described *parcels* all of the coal, oil, gas and other minerals within and underlying the same." (Emphasis added.)

Petitioner initiated suit in December of 2011 seeking a declaratory judgment as to the ownership of the mineral interest in the First Parcel. The parties filed competing motions for

summary judgment, and on February 24, 2017, the circuit court granted summary judgment in respondent's favor. The circuit court found that the Durbin Deed reserved to petitioner only the coal and mining rights in the First Parcel, that such reservation reflected petitioner's intent, and that respondent was a bona fide purchaser. It is from this order that petitioner appeals.

We apply a de novo standard of review to a circuit court's entry of summary judgment. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "[T]he interpretation of a deed, which is not dependent upon extrinsic evidence, is a question of law for a court and not a jury." *Faith United Methodist Church and Cemetery v. Morgan*, 231 W.Va. 423, 428, 745 S.E.2d 461, 466 (2013). Accordingly, such interpretations are similarly reviewed de novo. *Id.*

Petitioner argues on appeal that the Durbin Deed contained a typographical error reserving the oil and gas "from the above described parcel" when the intent of the parties was for the oil and gas reservation to apply to all three parcels. Petitioner argues that the parties' intent is to be given effect, and the Deed of Correction, which also includes the grantee's signature, makes clear that the parties intended that the oil and gas reservation apply to all parcels conveyed. Petitioner also notes that corrective deeds relate back to the original conveyance, foreclosing respondent's right to the subject mineral interests.

We have previously held that "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syl. Pt. 1, *Cotiga Dev. Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962). "The language of the instrument itself, and not surrounding circumstances, is the first and foremost evidence of the parties['] intent." *Sally-Mike Props. v. Yokum*, 175 W.Va. 296, 300, 332 S.E.2d 597, 601 (1985).

The plain and unambiguous language of the Durbin Deed reserves only the coal and mining rights to the First Parcel. The other mineral interests were conveyed. The Durbin Deed included separate reservation clauses for the First Parcel and Second Parcel: "all the coal underlying said parcel together with the necessary mining rights and privileges" was reserved from the First Parcel, and "all the coal underlying said parcel together with certain mining rights as heretofore conveyed, and there is also reserved unto first party all the oil and gas within and underlying said parcel" was reserved from the Second Parcel. Following conveyance of the Third Parcel, the Durbin Deed states that "[t]here is hereby excepted and reserved from the above described parcel all of the coal, oil, gas and other minerals within and underlying the same." Plainly, this language applies to the Third Parcel, and the reservation clauses following the conveyance of the other two clauses supports the intent to reserve separate interests from each parcel.

We similarly find no merit to petitioner's argument that the Deed of Correction relates back to the original Durbin Deed. Petitioner argues that "[t]he doctrine of relation back permits a party to a conveyance of real property to correct an erroneous legal description in the original deed by filing a subsequent or 'correction' deed; the correction then becomes effective as of the date of the original deed." *Sartain v. Fid. Fin. Servs., Inc.*, 775 P.2d 161, 164 (Idaho 1989). Petitioner, however, cites no West Virginia law to support his assertion that the Deed of

3

Correction relates back to the original conveyance, and he ignores the full recitation of the relation back rule articulated in *Sartain*:

> Where there is no fraud and *the rights of third persons have not intervened*, and equity could have reformed the deed, it may be amended by a subsequent instrument so as to effectuate the intention of the parties. . . . As against third persons an alleged defective deed can be cured only by a bill in equity, and not by a confirmation assuming to relate back to the original deed.

*Id.* (citation omitted) (emphasis added). Here, the right of a third party has intervened. Therefore, even if we were to apply this doctrine, it would not operate to divest respondent of the subject mineral rights here. Accordingly, we find no error in the circuit court's grant of summary judgment to respondent.

For the foregoing reasons, the circuit court's February 24, 2017, order granting summary judgment in respondent's favor is hereby affirmed.

Affirmed.

**ISSUED:** April 9, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4